Burwell by his Will devises to the Child his wife was Enseint *B36 with if a Son ^2000. if a Daughter ;£l000. when such Child arrived at the Age of twenty one After the Testor’s death his relict was delivered of a daughter who dyed before twenty one And this Bill was brought by the Pit. and his wife (the testor’s relict), for her part of the ^1000 devised to the posthumous daughter.
The Defts. Demurred because it appeared by the Complainant’s own Shewing the daughter dyed before twenty one and so the legacy never vested —
Randolph for the Defts.
There is a difference where money is devised to one at such an [34] age or when they come to such an age and where to be paid at such age. In the first place if the Legatee dyes it is a lapsed legacie but in the other case it shall go to the Executor or Administrator That the reason of this distinction, is rather from a complyance with the Civil Law and the determination of the Spiritual Court that there may be an uniformity in Judgment, than from any real difference in the nature of the thing. That as there was no Spiritual Court here the distinction should be exploded And that the legacy lapsed in both Cases Cited Swinb. 310. 313, Wentworth Clob'erry’s Case 2 Vern 343. 2 Ch. Ca. 155. s. c. 2 Ch. Rep. 155, Godb. 182. Smell con Dee 2 Salk. 415. Lord Pawlet’s Case 2 Ch. rep- 165. S. C. 2 Vern. 366. Cave & Cave 2 Vern. 508, Yeats & Fettiplace Id. 416, Smith & Smith Id. 92. Carter v Blesto Id. 617. Onslow & South Eq. Ca. Abr. 295. 296. Vide plus ibidem
But if this be not a lapsed legacie it is not paiable till the child would have been twenty one And cited 2 Vern 283 Pap worth ag’t Moore Eq. Ca. Abr. 299. 2 Vern. 199
Hopkins for the Comp Its.
Insisted that the distinction between a legacie given at such an age and to be paid at such an age was exploded there being no real difference and the intention of the testor was the same in both cases and that the intention ought to govern He said the legacie vested in both Cases and should go to the Extor — Cited Sanders con Erie 2 ch. rep. 8’o 188. Luke ag’t Aldern 2 Vern.-31. & 2 Vern. 199.
And sayed the Cases of Yates & Fettiplace Lord Pawlets & Smith & Smith would not affect this Case because there the Charge was upon land and it was to ease the heir As to the Objection that the Suit was brought too soon because the daughter would not have been twenty one if alive He cited Lady Lodges case 1 Leon. 277. 278. & Sanders [(4) Note by W. G.] con Erie Supra.
[Note by W. G.] ( Vide Ch. Ca. Abr. 299-300 that the admT must wait till the legatee would be of age, but if a legacy is given to A. paiable at 21 and if he dies before then to B. he shall have the Legacy presently 2 W’ms 478. Laundy vs W'ms.)
[Note by W. G.] (Not in Myers's copy.)
The Demurrer was allowed.
See Mod. Ch. Ca. 105. 106. Sayed to be a standing rule in Equity that where a .portion or legacy is to be paid at a time to come out of lands if the Legatee dies before the day the legacy is sunk & gone. But it is otherwise if the legacy is to be paid out of personal Estate.
[ Vide Sir J. Randolph’s Argument 1 Defts. No. 39
So where portions were charged on Lands, and if any of the Children died before twenty two or marriage to go to the Survivors, One dies, that portion shall not be paid before it Would have become due, had the Child lived. Select cases in Chan. 15.
[Note by^W. G.] (This not in Myers’s copy.)